IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JIMMY SAIN,

    Plaintiff,

v.                                                                                                           No. 07-1187

COMMISSIONER DAVE MITCHELL,
individually, (FORMER) COMMISSIONER
GERALD NICELY, individually, and
COLONEL MIKE WALTER, individually,

    Defendants.
_____

ORDER DENYING DEFENDANTS' MOTION TO DISMISS
_____

The Plaintiff, Jimmy Sain, brought the instant action against the Defendants, Commissioner Dave Mitchell, former Commissioner Gerald Nicely, and Colonel Mike Walker, employees of the Tennessee Department of Safety, in their individual capacities, pursuant to 42 U.S.C. § 1983,[1] alleging that the Defendants violated the First Amendment of the United States Constitution by retaliating against him when they refused to rehire him as a Tennessee State Trooper after he ran for public office. Before the Court is the Defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Plaintiff has responded and this motion is now ripe for disposition.

---

[1] Section 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. In order to prevail on such a claim, a § 1983 plaintiff must establish "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003). "Section 1983 is not the source of any substantive right, but merely provides a method for vindicating federal rights elsewhere conferred." Humes v. Gilless, 154 F. Supp. 2d 1353, 1357 (W.D. Tenn. 2001) (citation omitted).

BACKGROUND

The amended Complaint alleges that Sain, a former Tennessee State Trooper, sought the office of mayor of Hardeman County, Tennessee. (Docket Entry ("D.E.") No. 11, Am. Compl. ¶¶ 4-5.) After he decided to pursue the position, the State of Tennessee notified him that he would have to take a leave of absence from his then-job as a highway patrolman in order to comply with the Hatch Act, a federal statute. (Id. ¶ 6.) Before taking the leave, the Plaintiff met with his Major and the Human Resources Manager for the Tennessee Department of Safety to inquire whether he could return to his position in the event that he lost the election. (Id. ¶ 7.) They purportedly told him that he would be reinstated to active duty immediately if his bid were unsuccessful. (Id.)

Relying on this assurance, the Plaintiff took leave from his position as a State trooper and entered the contest for Hardeman County mayor. (Id. ¶ 8.) Unfortunately, his efforts were not successful. (Id.) Sain has since repeatedly sought to return to his former job, but the State of Tennessee has refused to rehire him. (Id. ¶ 9.) On July 16, 2007, the Department of Safety told the Plaintiff that the reason therefor is that he might again try to run for public office and thus would have to take another leave of absence. (Id. ¶ 10.) Sain contends that this decision, which he alleges was made by Mitchell, Nicely, and Walker, all of whom worked at the Department of Safety at the time, violated his First Amendment right to political participation. (Id. ¶ 11.)

STANDARD OF REVIEW

Rule 12(b)(6) permits dismissal of a lawsuit for failure to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6). The Rule requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998). "The Federal Rules of

Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957).  However, "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim."  Wittstock, 330 F.3d at 902.

ANALYSIS

The Defendants argue that the amended Complaint should be dismissed because the allegations therein are untrue. (D.E. No. 14, Mem. in Supp., at 2.)  According to the Defendants, Sain never applied for reinstatement. (Id.)  Furthermore, they assert that the Plaintiff was not promised that he would be rehired in the event he lost the election. (Id.)  Because, however, the Court is required to accept all of the amended Complaint's factual allegations as correct for purposes of deciding this Rule 12(b)(6) motion, it cannot consider these contentions.  See Grindstaff, 133 F.3d at 421 (stating that under Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts must accept all of the complaint's factual allegations as true).

Next, Mitchell, Nicely, and Walter maintain that the claim must fail because any retaliatory action they may have taken would have been justified by the State's rational and legitimate interest in managing its expenses. (D.E. No. 14, Mem. in Supp., at 2-3.)  According to the Defendants, a trooper who has not served in his position in over a year must undergo lengthy and costly training. (Id. at 3.)  Thus, it makes financial sense to hire only those individuals who are "most likely to be retained in service . . . ." (Id.)  Sain responds that this argument is flawed because he had requested reinstatement as early as three months after he took his leave of absence and therefore had no need for retraining. (D.E. No. 15, Resp. in Opp., at 8.)  The Defendants' assertion is also legally defective, argues the Plaintiff, because unconstitutional retaliation cannot be justified by the fact that it might result in savings for the State.

The Defendants rely upon the decision in Becton v. Thomas, 48 F. Supp. 2d 747, 757 (W.D. Tenn. 1999), wherein District Judge Bernice Donald held that the "right to run for public office is constitutionally protected as a liberty interest under the Fourteenth Amendment's Due Process Clause." While not a fundamental right, it cannot be infringed upon by the state "[a ]bsent a rational and legitimate government interest." Id. at 760. Becton briefly discusses whether the right to candidacy is protected by the First Amendment as well, and concludes that it might be in certain circumstances, despite a Sixth Circuit opinion, Carver v. Dennis, 104 F.3d 847 (6th Cir. 1997), which sheds doubt on the issue. Becton, 48 F. Supp. 2d at 756-57.[2] However, the Becton decision's analysis of whether the defendant had asserted a rational and legitimate reason for retaliating against an employee who ran for public office was clearly limited to an alleged violation of the due process clause. See id. at 760 ("In short, the court is unable to discern any rational and legitimate government interest that would cure this infringement upon Plaintiff's Fourteenth Amendment liberty interest in running for political office. Moreover, Defendant has not offered any such explanation or rationale. Absent a rational and legitimate government interest, retaliatory actions taken against a public employee because she ran for public office constitute an infringement on that employee's liberty interest as protected by the Fourteenth Amendment.").

The problem with the Defendants' argument is that the Plaintiff's amended Complaint raises only a First Amendment claim. (See D.E. No. 11, Am. Compl. ¶ 11 (stating that the Defendants' conduct violated the Plaintiff's "exercise of his well-known right to political participation under the

---

[2] See also Murphy v. Cockrell, 505 F.3d 446, 450 (6th Cir. 2007) ("We have previously held that there is no protected right to candidacy under the First Amendment, and a public employee may be terminated because of the fact of that employee's candidacy.") (citing Carver, 104 F.3d at 850-51). However, because the Court does not have that specific issue before it in this Rule 12(b)(6) motion, it will not decide the matter at this juncture on that question.

4

First Amendment . . .").)³  Nowhere is the due process clause or the Fourteenth Amendment mentioned.  (See id. ¶ 14.)  Likewise, in Sain's response to the motion to dismiss, he argues that the amended Complaint adequately states a cause of action under the First Amendment.  He again does not discuss the Fourteenth Amendment or the due process clause.  (See D.E. No. 15, Resp. in Opp., at 4-6.)  Even in light of the liberal pleading policy of the Federal Rules, the Court cannot infer that the Plaintiff intended to raise a due process claim.  Thus, because Sain has not brought a Fourteenth Amendment due process claim against the Defendants, the Court cannot dismiss it on that basis.  See Mooney v. Wallace, No. 1:04 1190, 2005 WL 211 4074, at *4 (W.D. Tenn. Aug. 26, 2005) (declining to dismiss a Fourth Amendment claim when "the Complaint does not mention the Fourth Amendment as a § 1983 predicate") (Todd, J.).

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Defendants' motion to dismiss.

IT IS SO ORDERED this 22nd day of July, 2008.

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE

---

³ The Court notes that the First Amendment is applicable to the states through the Fourteenth Amendment.  See Wallace v. Jaffree, 472 U.S. 38, 49 (1985).